IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DANNY LOGUE aka<br>DANIEL LEROY STURGIS,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>MIKE HADDON,<br><br>　　　　　　　　　　Respondent. | **ORDER AND<br>MEMORANDUM DECISION<br>DENYING MOTION TO DISMISS**<br><br>Case No. 2:21-cv-533-TC<br><br>Judge Tena Campbell |

In this federal habeas corpus case, the Petitioner, pro se inmate Danny Logue aka Daniel Leroy Sturgis, challenges his state convictions. See 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") The Respondent has moved to dismiss the Petition without prejudice, or in the alternative to stay proceedings pending the outcome of Mr. Logue's state habeas petition. (ECF No. 17.) Mr. Logue opposes the motion. Also before the court is Mr. Logue's motion to submit the Petition for decision. (ECF No. 25.)

## BACKGROUND

Mr. Logue asserts five claims in his pro se federal Petition: (1) Utah's indeterminate sentencing scheme for noncapital aggravated murder is unconstitutionally vague; (2) Utah's indeterminate sentencing scheme violates equal protection and uniform operation of laws; (3) Mr. Logue has been treated differently, including verbal harassment, than other similarly situated convicts and lacks adequate access to legal materials; (4) Mr. Logue's sentence was obtained by reliance on a witness who failed to disclose that he had committed a prior unrelated

1

murder and later recanted his testimony; and (5) the prosecution's decision to charge Mr. Logue with a non-capital crime violated constitutional principles of equal protection because Mr. Logue was denied representation by an attorney qualified for a capital case as required by Utah law in capital cases. (ECF No. 1 at 5–7; ECF No. 1-1 at 9–14.) This court found that Mr. Logue's claims related to the constitutionality of Utah's indeterminate sentencing scheme, his conditions of confinement, and the alleged state constitutional violations were invalid but ordered the Respondent to respond to the remaining allegations. (ECF No. 5 at 3.)

Mr. Logue has also filed a habeas petition that is pending in the Utah Court of Appeals. Logue v. Utah, No. 20230054 (Utah Ct. App. Jan. 18, 2023). Mr. Logue's pro se state petition presents dozens of claims. Some of the claims in the state petition overlap his federal Petition but others are distinct. (See ECF No. 17-7 (order dismissing 46 individual claims in the state petition).) Mr. Logue's state claims include multiple claims of ineffective assistance of counsel (ECF No. 11-5 at 11–27, 32), claims related to the recanted testimony (id. at 28–31), a claim that the conviction relied on evidence obtained through an illegal search and seizure (id. at 31–33), and a claim that the Utah sentencing scheme is unconstitutional (id. at 35–41). Mr. Logue, now represented by counsel in the state proceedings, has appealed the dismissal of his claims related to the recanted testimony, two claims of ineffective assistance of counsel, and a claim that the Utah Postconviction Remedies Act (PCRA) violates the Utah constitution. (See ECF No. 17-8.)

The Respondent has moved to dismiss the federal Petition without prejudice, or in the alternative to stay these proceedings pending the outcome of Mr. Logue's state proceedings. The Respondent argues that such a dismissal could benefit Mr. Logue. The parties could concentrate their attention on the state proceedings rather than concurrently litigate parallel proceedings in state and federal court. If Mr. Logue is successful in state court, the federal proceedings would

be moot. But if Mr. Logue is unsuccessful in state court, he could potentially avoid federal restrictions on second or successive petitions. See 28 U.S.C. § 2244(b).[1]

Mr. Logue opposes the motion. Mr. Logue protests that the Respondent has not filed a substantive answer to the complaint. (ECF No. 19 at 4–5.) Mr. Logue further argues that dismissal would be an abdication of the court's jurisdiction over the case. (See id. at 22–23.) The remainder of Mr. Logue's opposition is comprised of substantive arguments in support of his Petition which are not relevant to this motion.

## ANALYSIS

The Respondent has identified compelling reasons why a dismissal without prejudice could benefit Mr. Logue. But the Respondent cites no authority that empowers this court to dismiss the Petition over Mr. Logue's objection.

Nor does the Respondent show that this case meets the criteria for a stay and abeyance. When a petition contains both exhausted and unexhausted claims, federal courts have discretion to issue a stay and hold a mixed petition in abeyance to allow a petitioner to return to state court to exhaust the unexhausted claims. Rhines v. Weber, 544 U.S. 269, 275–76 (2005). But the exercise of discretion to grant a stay and abeyance must be "compatible with AEDPA's purposes." Id. at 276.

> Stay and abeyance, if employed too frequently, has the potential to undermine [the] twin purposes [of the AEDPA]. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

---

[1] The court previously supplied Mr. Logue with the entire text of Section 2244. (See ECF No. 5 at 6–7.)

3

Id. at 277. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. Nevertheless, the Supreme Court has counseled that it would "likely" be an abuse of discretion "to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278.

The Respondent has not established that the Petition is a mixed petition, containing both exhausted and unexhausted claims. Rather, the Respondent observes that Mr. Logue's pending state petition includes claims which are currently precluded from federal review because they are not yet exhausted. The Respondent speculates that if Mr. Logue is unsuccessful in state court, he may foreseeably seek review of those now-exhausted claims in federal court. But Mr. Logue would likely be barred from asserting some or all of those claims because of federal restrictions on filing a second or successive habeas petition. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The Court of Appeals may only authorize claims in a second or successive petition if they satisfy strict requirements. Any claim in a second or successive petition which was previously included in a federal petition must be dismissed. See 28 U.S.C. § 2244(b)(1). Claims which were not presented in a prior petition must also be dismissed unless

> the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>   (i) the factual predicate for the claim could not have been discovered previously
>       through the exercise of due diligence; and

4

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Mr. Logue's current legal strategy of concurrently litigating his state and federal petitions runs the risk of limiting the availability of federal review for some of his claims. Alternatively, Mr. Logue could withdraw this Petition without prejudice. That strategy would allow him to focus his efforts on assisting his counsel litigate his state petition. If he is unsuccessful in state court, he could then return to federal court to present all of his exhausted claims.

Mr. Logue is cautioned that this strategy also has risks. Mr. Logue's federal claims are subject to a one-year period of limitations. 28 U.S.C. § 2244(d)(1). The period of limitation is currently tolled by operation of his state habeas proceedings. See 28 U.S.C. § 2244(d)(2). Much of Mr. Logue's one-year period has already expired and would not be reset if Mr. Logue withdrew his current Petition. See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) ("[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run."); Sutton v. Cain, 722 F.3d 312, 316 n.6 (5th Cir. 2013) ("To calculate when the limitations period has run, we aggregate the time between (i) the date the petitioner's conviction became 'final' and the date the petitioner filed his state [post-conviction] application; and (ii) the date the state [post-conviction] process concluded and the date the petitioner filed his federal habeas petition."). If Mr. Logue elects to withdraw his Petition without prejudice to preserve the opportunity to present additional claims at a later date, he would need to refile before the remainder of the period of limitations expires. Failure to refile his petition before the

expiration of the period of limitations would likely bar him from obtaining federal review of any of his claims.[2]

Based on the court's understanding of Mr. Logue's federal and state proceedings, the court estimates that Mr. Logue has 141 days remaining in his federal period of limitations. According to statute, the period of limitations begins to run at the latest of four possible events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Mr. Logue's conviction became final on February 21, 2019, upon the expiration of his opportunity to petition the United States Supreme Court to review his direct appeal.

The AEDPA period of limitations is tolled once state proceedings are pending. Mr. Logue filed a state petition for post-conviction relief under the Utah PCRA on October 30, 2019. Logue v. Utah, No. 190401729 (Utah Dist. Ct. Oct. 30, 2019). The PCRA petition was dismissed by the trial court on December 19, 2022. (Id. Dkt No. 199.) Mr. Logue filed a timely

---

[2] In rare and exceptional cases, equitable tolling may also be available. United States v. Barger, 784 F. App'x 605, 607 (10th Cir. 2019) (quoting Fisher v. Gibson, 262 F.3d 1135, 1143 (10th Cir. 2001); Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)). A petitioner is only entitled to equitable tolling if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

notice of appeal.  (See id. Dkt. No. 203, filed Jan. 17, 2023)); Utah R. App. P. 4(a) (allowing 30 days to file a notice of appeal after entry of judgment).  Mr. Logue's appeal of his PCRA proceedings remains pending in the Utah Court of Appeals.  See Docket, Logue v. Utah, No. 20230054-CA (Utah Ct. App. Jan. 18, 2023).  These state proceedings have therefore tolled the period of limitations in which Mr. Logue must file his federal habeas claims since at least October 30, 2019.

The AEDPA period of limitations arguably began tolling 27 days earlier, on October 3, 2019, when Mr. Logue filed a motion to correct an illegal sentence under Utah Rule of Criminal Procedure 22(e).  See State v. Logue, No. 111401543, Dkt. No. 605 (Utah Dist. Ct. Oct. 3, 2019).  This court has held that such a motion tolled the federal period of limitations. Sherard v. Utah, 2015 U.S. Dist. LEXIS 141406, at *4 (D. Utah Oct. 14, 2015) (citing Deal v. McKune, 244 F. App'x 185, 186–87 (10th Cir. 2007)).

It therefore appears that the period of limitations ran for 224 days from February 21, 2019, until October 3, 2019, and has been continuously tolled since.  If Mr. Logue chooses to withdraw his federal petition, the period of limitations would remain tolled for the duration of his state proceedings.  Once the judgment in the state proceedings becomes final, the remaining period would resume.  Mr. Logue would have more than four months to evaluate his exhausted claims and return to federal court with whatever claims he deems viable.

The court includes this estimate to illustrate its understanding of the procedural landscape.  Mr. Logue is ultimately responsible for his own legal strategy, including compliance with the applicable period of limitations.  But based on the court's current understanding of the state proceedings, it appears that Mr. Logue would have ample time to prepare an updated federal petition if his state proceedings prove unsuccessful.

## CONCLUSION

The Respondent, as the moving party, has failed to meet his burden to show that dismissal is appropriate. Nor has the Respondent made the showing required for a stay and abeyance under Rhines v. Weber. Mr. Logue may therefore proceed with the current Petition at the risk of sacrificing the opportunity for federal review of the claims in his state habeas petition. Or Mr. Logue may elect to withdraw this petition and resubmit a comprehensive petition once the claims in his state petition are exhausted.

## ORDER

For the foregoing reasons, the court therefore ORDERS as follows:

1. Respondent's motion to dismiss the Petition without prejudice (ECF No. 17) is DENIED.

2. Respondent's alternative request to stay the proceedings pending the outcome of Mr. Logue's state habeas petition is DENIED.

3. Mr. Logue has thirty days to notify the court and Respondent whether he elects to proceed with his current Petition at the risk of jeopardizing the opportunity for federal review of the claims in his state petition or whether he prefers to withdraw the Petition without prejudice with the intention of refiling a comprehensive petition if necessary once his additional claims are exhausted.

4. If Mr. Logue elects to proceed with his current Petition, Respondent has thirty days from the receipt of Mr. Logue's notice to answer the Petition. The answer must conform to this court's previous Order (ECF No. 5).

5. Within thirty days after the answer is filed, Mr. Logue must file a reply or risk dismissal. See R. 5(e), Rs. Governing § 2254 Cases in the U.S. Dist. Cts.

6.  Further extensions of time are strongly disfavored, though necessary extensions may be granted in exceptional circumstances. Any motion for time extension must be filed no later than fourteen days before the deadline to be extended.

7.  Mr. Logue's motion to submit for decision (ECF No. 25) is DENIED.

DATED this 10th day of July, 2024.

BY THE COURT:

_____
Tena Campbell
United States District Judge